### S04A0127. BROWN v. THE STATE.
(593 SE2d 343)

HUNSTEIN, Justice.

Okuri Omar Brown was convicted of malice murder in the shooting death of Demetric Edwards and was sentenced to life in prison.[1] He appeals from the denial of his motion for a new trial, challenging the sufficiency of the evidence and the sentence imposed by the trial court. Finding the evidence sufficient and no error in the life sentence, we affirm.

1. The jury was authorized to find from the evidence adduced at trial that Brown paged the victim to arrange a purchase of marijuana. Brown drove with his brother, Buck, in the passenger seat to the rendezvous point. Just before the victim entered the vehicle, Buck readied his gun and announced that he was going to rob the vic-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See, e.g., *Evans v. State*, 275 Ga. 672, 673 (571 SE2d 780) (2002).

[1] The crime occurred on April 26, 2001. Brown was indicted July 25, 2001 in Chatham County on charges of malice murder and felony murder. He was found guilty of malice murder on June 12, 2002 and was sentenced June 18, 2002 to life in prison. His motion for new trial, filed June 27, 2002 and amended May 21, 2003, was denied June 4, 2003. A notice of appeal was filed June 4, 2003. The appeal was docketed September 24, 2003 and was submitted for decision on the briefs.

tim. As Brown drove, Buck took the marijuana handed him by the victim and then fired several shots into the victim, killing him. Buck dumped the victim's body along the roadside. Once home, Buck unsuccessfully attempted to clean the blood out of the upholstery. When a trip to a carwash failed to remove the evidence, Brown tore out the upholstery and padding and hid the fabric. When police searched Brown's home he admitted that marijuana found under his mattress had been stolen from the victim.

This evidence was sufficient to enable a reasonable trier of fact to find beyond a reasonable doubt that Brown was guilty of murder as a party to the crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. "A person convicted of the offense of murder shall be punished by death or by imprisonment for life." OCGA § 16-5-1 (d). "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). Contrary to Brown's argument, the jury convicted him of malice murder, not conspiracy to commit murder.[2] Accordingly, the trial court did not err by imposing a life sentence.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 2004.

*William O. Cox*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.

---

[2] We note that Brown could not have been tried for conspiracy since the object of the conspiracy was completed. See *Kilgore v. State*, 251 Ga. 291 (1) (c) (305 SE2d 82) (1983).